UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THERMAPURE, INC.,

    Plaintiff,

v.

WATER OUT OREGON, et al.,

    Defendants.

CASE NO. C11-5958 BHS

ORDER RENOTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Water Out Oregon's ("WOO") motion for partial summary judgment (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby renotes the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 18, 2011, Plaintiff Thermapure, Inc. ("Thermapure"), filed a complaint alleging that WOO and Defendant Water Out of Oregon, Inc., infringe United States Patent No. 6,327,812 ("the '812 patent"). Dkt. 1.

On February 21, 2012, WOO filed a motion for partial summary judgment of non-infringement. Dkt. 17. On May 7, 2012, Thermapure responded. Dkt. 27. On May 21,

2012, WOO replied (Dkt. 31) and filed a response to Thermapure's request for additional time to conduct discovery pursuant to Fed. R. Civ. P. 56(d) (Dkt. 34).

## II. FACTUAL BACKGROUND

**A.   Patented Technology**

On December 11, 2001, the United States Patent Office issued the '812 patent. Dkt. 28, Declaration of Shaun Swiger ("Swiger Decl."), Exh. 1. The patent is titled "Method of Killing Organisms and Removal of Toxins in Enclosures" and contains eight claims. *Id*. Thermapure asserts that the disclosed technology "is used in environmental cleanup and pest eradication" and is "also used in structural drying of water damaged buildings because it is effective in the removal of contaminants such as mold, microbes and other harmful toxins, that develop in . . . water damaged structures." Dkt. 27 at 4. More specifically,

> Structural drying involves the removal of water from structures and structural drying jobs are commonly referred to in the industry as "water losses." There are 3 categories of water losses. Category 1 involves the release of potable water. In category 1 losses the water in the structure may not be initially contaminated. However, if the water is permitted to be present for 72 hours mold will begin to develop. For this reason even category 1 losses can involve the sanitization of the structure. Since water absorbs harmful microbes and other substances that may be present in a structure, water itself can be considered a contaminant in a structure.
> Category 2 and 3 water losses, also known as "grey" and "black" water losses, involve mold, microbes and other harmful contaminants. For example, category 3 "black" water losses involve the presence of sewage. Based on my experience, which includes extensive field work and research and review of industry materials, I would estimate that over 80% of water losses are category 2 or 3 losses. Thus, the vast majority of structural drying involves the sanitization of structures that have been exposed to harmful contaminants.

Dkt. 30, Declaration of Jared Perez, ¶¶ 4–5.

Although the '812 patent contains eight claims, it is undisputed that the only claim at issue is claim 6. This claim provides as follows:

> A method for sanitizing an enclosed structure having an exterior and an interior, comprising the steps of:
> preparing said enclosed structure for exposure to a high temperature gas by removing or protecting all heat sensitive items;
> disposing a plurality of temperature indicating probes at predetermined locations within said enclosed structure;
> heating a gas to a predetermined temperature;
> directing said heated gas into said enclosed structure in order to raise the temperature within said enclosed structure to said predetermined temperature;
> monitoring the temperature detected from said probes in real time to ensure that all portions of said enclosed structure reach said predetermined temperature;
> venting said heated gas from said enclosed structure; and
> filtering said heated gas vented from said enclosed structure.

'812 patent, col. 6, ll. 5–23.

**B.   Prior Litigation**

In 2006, Thermapure filed an action against Water Out Drying Corp. in the United States District Court for the Eastern District of Texas. Swiger Decl., Exh. 2. After trial, the jury returned a verdict form finding that the '812 patent was not invalid and that Water Out Drying Corp. induced infringement of the '812 patent. *Id.*, Exh. 3. The jury, however, was unable to agree on an amount of damages. *Id.* Therefore, on December 11, 2009, the Honorable Charles Everingham, IV, United States Magistrate Judge, issued an order of partial judgment providing, in part, as follows: "it is ORDERED, ADJUDGED, AND DECREED that the defendant, Water Out, induced infringement of claim 6 of the '812 patent, and that claim 6 of the '812 patent is not invalid." *Id.*, Exh. 4.

C. **Equipment**

In November 2008, WOO purchased Water Out equipment. However, Felix Herrada, the owner of WOO, declares that WOO has never used the equipment as it was intended to be used. For example, he states that he could not load the data logging program into the onboard computer and "simply discarded the data logging equipment." Dkt. 18, Declaration of Felix Herrada, ¶¶ 7–11.

### III. DISCUSSION

A. **Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion, deny the motion, or allow time to obtain affidavits or declarations or to take discovery. Fed. R. Civ. P. 56(d).

1  With regard to the merits of this particular case, determining non-infringement
2  involves two steps: (1) construing the patent claims to determine their meaning and legal
3  effect and (2) determining whether the accused product infringes the properly construed
4  claims. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996). The Court
5  construes claims as a matter of law; determining infringement is a question of fact. *Id.*

6  **B.   WOO's Motion**

7  This motion is about WOO's actual use of the Water Out equipment. Thermapure
8  has failed to submit admissible evidence of one actual infringing use of the equipment.
9  Instead, Thermapure relies on instruction manuals, hypothetical interpretations of
10 WOO's invoices, and, tort professors' favorite doctrine, *res ipsa loquitur* – WOO uses
11 the equipment therefore it must be infringing. Although the Court is inclined to grant the
12 motion for summary judgment, experience counsels toward eliminating any possible
13 factual confusion that may be presented to the Federal Circuit. For example, Thermapure
14 states that it has not had the opportunity to inspect all of WOO's equipment. Dkt. 27 at
15 15. Therefore, the Court will grant Thermapure's 56(d) request and defer ruling on the
16 motion for summary judgment.

17 Thermapure may conduct additional discovery with the goal of obtaining
18 admissible evidence of at least one actual infringing use. To this end, Thermapure
19 requests an order from the Court instructing WOO "to permit an inspection of all
20 equipment it has used in structural drying." Dkt. 27 at 15. The Court is not convinced
21 that a discovery order is necessary as it is in WOO's best interest to avoid litigation
22 through transparency. If the Court's assumption is incorrect on this issue, Thermapure

1  may seek Court intervention.  Based on the record, the Court finds that ninety days

2  should be sufficient time to conduct the additional discovery.

3  **IV. ORDER**

4  Therefore, it is hereby

5  **ORDERED** that WOO's motion for summary judgment (Dkt. 17) is **RENOTED**

6  for consideration on the Court's October 26, 2012 calendar.  Thermapure may file a

7  supplemental response no later than October 22, 2012.  WOO may file a supplemental

8  reply no later than October 26, 2012.

9  Dated this 26th day of July, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge