1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

14

15

| | |
|---|---|
| THERMAPURE, INC., a California corporation, | CASE NO. C11-5958 BHS |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AND DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES |
| v. | |
| WATER OUT OREGON, INC., an Oregon corporation, and WATER OUT OF OREGON, INC., an Oregon corporation d/b/a Water Out Oregon, | |
| Defendants. | |

16   This matter comes before the Court on Defendants Water Out Oregon Inc. and

17   Water Out of Oregon, Inc.'s ("WOO") motion for attorney fees (Dkt. 57) and Plaintiff

18   ThermaPure, Inc.'s ("ThermaPure") motion to strike (Dkt. 69). The Court has considered

19   the pleadings filed in support of and in opposition to the motion and the remainder of the

20   file and hereby grants the motion to strike and denies the motion attorneys' fees for the

21   reasons stated herein.

22

ORDER - 1

# I. PROCEDURAL HISTORY

On November 18, 2011, ThermaPure filed a complaint alleging ("WOO") infringes United States Patent No. 6,327,812 ("the '812 patent").  Dkt. 1.

On February 21, 2012, WOO filed a motion for partial summary judgment of non-infringement.  Dkt. 17.  On May 7, 2012, ThermaPure responded.  Dkt. 27.  On May 21, 2012, WOO replied (Dkt. 31) and filed a response to ThermaPure's request for additional time to conduct discovery pursuant to Fed. R. Civ. P. 56(d) (Dkt. 34).  On July 26, 2012, the Court granted ThermaPure's request and renoted WOO's motion to October 26, 2012. Dkt. 38.  On October 22, 2012, ThermaPure filed a supplemental response.  Dkt. 39.  On October 29, 2012, WOO filed a supplemental reply.  Dkt. 49.  On November 13, 2012, the Court granted WOO's motion.  Dkt. 51.

On December 4, 2012, WOO filed a motion for attorneys' fees.  Dkt. 57.  On December 17, 2012, ThermaPure responded.  Dkt. 61.  On December 21, 2012, WOO replied.  Dkt. 66.  On December 24, 2012, ThermaPure filed a surreply and motion to strike.  Dkt. 69.

# II.  DISCUSSION

## A.    Motion to Strike

ThermaPure correctly moves to strike new evidence and argument submitted in WOO's reply.  *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996), *cert. denied*, 522 U.S. 808 (1997).  The Court grants the motion and will not consider (1) argument that the '812 Patent is not directed at mold based on a statement made in the '491 patent, and (2)

1    evidence that ThermaPure rejected an early, reasonable, and generous settlement offer

2    which caused Water Out to incur substantial attorneys' fees.

3    **B.    Motion for Fees**

4           Section 285 of the Patent Act provides that "[t]he court in exceptional cases may

5    award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.

6                   When deciding whether to award attorneys' fees under § 285, a
            district court engages in a two-step inquiry. First, the court must determine
7           whether the prevailing party has proved by clear and convincing evidence
            that the case is exceptional . . . . If the district court finds that the case is
8           exceptional, it must then determine whether an award of attorney fees is
            justified.
9
     *Marctec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915–16 (Fed.Cir.2012).  The moving
10
     party must demonstrate that the claims filed were "objectively baseless" and "brought in
11
     subjective bad faith."  *Id*. at 916.
12
            In this case, WOO has failed to provide clear and convincing evidence that this
13
     case is exceptional.  It's undisputed that ThermaPure received a verdict of infringement
14
     against Water Out Corp, a company that controls Water Out contractors and distributes
15
     machines that allegedly can be used to infringe ThermaPure's patent.  Moreover,
16
     Thermapure has submitted evidence that a pre-filing investigation was conducted.  In
17
     light of this evidence, WOO has failed to show that the complaint was objectively
18
     baseless.  Therefore, the Court denies WOO's motion for attorneys' fees.
19

20

21

22

### III. ORDER

Therefore, it is hereby **ORDERED** that ThermaPure's motion to strike (Dkt. 61) is **GRANTED** and WOO's motion for attorneys' fees (Dkt. 57) is **DENIED.**

Dated this16th day of January, 2013.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4